UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CLAYTON CANGELOSI | | CIVIL ACTION |
|---|---|---|
| VERSUS | | NUMBER: 20-875 |
| CYNTHIA LEE SHANG, ET AL. | | SECTION: "R" (3) |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Clayton Cangelosi filed the above-captioned matter in this Court in which he sues Jefferson Parish President Cynthia Lee Shang for having cancelled the St. Patrick's Day parade in Jefferson Parish due to the novel coronavirus (COVID-19). [Doc. #1 at p. 2]. He alleges that he lost money due to his purchase of throws (*i.e.*, beads) and perishable items (*i.e.*, cabbages, potatoes) and seeks $1.5 million in damages and the removal of Shang from office. [*Id.* at p. 3].

On March 17, 2020, this Court ordered Cangelosi – who is proceeding as a pauper – to show cause in writing by Friday, May 15, 2020 as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(i-iii). [Doc. #3]. In that rule to show cause, this Court informed Cangelosi that failure to respond as directed would result in the dismissal of his complaint for lack of subject-matter jurisdiction. [*Id.*]. Cangelosi failed to respond.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal of a pauper complaint *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

  The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

  Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3]

  On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331, and Cangelosi has not alleged such jurisdiction. [Doc. #1]. He alleges no violation of federal

---

[1]  *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2]  *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3]  *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

law in his complaint and, indeed, alleges no cause of action at all.

Neither has Cangelosi alleged diversity jurisdiction. In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir. 1986); *McGovern*, 511 F.2d at 654. Cangelosi has an address in Marrero, Louisiana, and Shang has an address in Harahan, Louisiana (as the President of Jefferson Parish). [Doc. #1 at p. 1]. This Court's review of the complaint reveals that all of the events occurred in this state. [*Id.*]. Both Cangelosi and Shang are Louisiana residents. On the face of the complaint, the parties are not diverse, and therefore no diversity jurisdiction exists in this Court. Accordingly,

**IT IS RECOMMENDED** that plaintiff Clayton Cangelosi's complaint de DISMISSED

WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 2nd day of June, 2020.

*Dana M. Douglas*
**UNITED STATES MAGISTRATE JUDGE**