UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAYTON CANGELOSI | CIVIL ACTION |
| VERSUS | NO. 20-875 |
| CYNTHIA LEE SHENG | SECTION "R" (3) |

## ORDER AND REASONS

*Pro se* plaintiff, Clayton Cangelosi, filed suit against Jefferson Parish President, Cynthia Lee Sheng, for cancelling the St. Patrick's Day parade in Jefferson Parish.[1] Cangelosi claims that as a result of the cancellation, he "lost his investment to ride in the St. Patrick[']s Day Parade."[2] Cangelosi seeks $1.5 million in "damages with cost[s] and pain and suffering of emotional distress."[3] Cangelosi also asks the Court to remove Sheng from office.[4]

Cangelosi, who is proceeding *in forma pauperis*, does not establish grounds for subject matter jurisdiction in his complaint. Indeed, the complaint does not cite a single cause of action, federal or state.[5] But in the

---

[1] R. Doc. 1.
[2] *Id.* at 2.
[3] *Id.* at 3.
[4] *Id.* at 3.
[5] *See id.*

attached "Civil Cover Sheet"—a form that civil complainants fill out when filing a law suit—Cangelosi checked "Diversity" as the basis for federal jurisdiction.[6]

There is no diversity jurisdiction in this case. For a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of all plaintiffs must be different from the citizenship of all defendants. *See, e.g.*, *Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1998). Moreover, "[t]he burden is on a plaintiff to allege and invoke jurisdiction." *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). Here, Cangelosi did not allege that he and Sheng are citizens of different states. To the contrary, he provided Louisiana addresses for both himself and the defendant.[7]

The Court ordered Cangelosi to show cause as to why his action should not be summarily dismissed for lack of subject matter jurisdiction.[8] The Court provided Cangelosi with nearly two months to show cause, and Cangelosi did not file a response. Magistrate Judge Douglas next issued a Report and Recommendation, proposing that the Court dismiss for want of

---

6     *Id.* at 4.
7     *Id.* at 5.
8     R. Doc. 3.

subject matter jurisdiction.[9]  The Court adopts Magistrate Judge Douglas's R&R and dismisses Cangelosi's complaint without prejudice.

Following the R&R, Cangelosi filed a "Motion for a Temporary Stay on Executive Order."[10]  The motion contains allegations and assertions unrelated to Cangelosi's original complaint.  Here, Cangelosi asks the Court to strike down Sheng's executive order "forcing Jefferson Parish residents to wear mask[s] in places of business."[11]  This motion further avers that the executive order "violates the Constitution."[12]  Cangelosi does not cite to a particular provision of the Constitution, nor does he mention a basis for federal question jurisdiction anywhere else in this three-page filing.

The motion does not save Cangelosi's original failure to establish federal question jurisdiction.  For federal question jurisdiction to exist, "a genuine and present controversy . . . must exist . . . and the controversy must be disclosed upon the face of the *complaint*."  *Fully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936) (emphasis added); *see also Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) ("Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal

---

[9]  *See* R. Doc. 5.
[10] *See* R. Doc. 8.
[11] *Id.* at 1.
[12] *Id.*

3

question appears on the face of the plaintiff's well-pleaded *complaint*." (emphasis added)); *Miller v. Stanmore*, 636 F.2d 986, 989 (5th Cir. 1981) ("Where the *complaint* seeks recovery directly under the Constitution, federal question jurisdiction is established." (emphasis added)). Because Cangelosi has not established subject matter jurisdiction, plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __6th__ day of July, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE